{¶ 36} I respectfully dissent.
 {¶ 37} In all the cases cited by the majority, the distributor identified the drug by its name, which was not the case here. See, e.g.,State v. Chandler, 109 Ohio St.3d 223, 2006-Ohio-2285; State v.Patterson (1982), 69 Ohio St.2d 445, syllabus; State v. Scott (1982),69 Ohio St.2d 439. Here, the distributor did not identify the drug by name. That is, C.J. did not identify the drug as "Vicodin," instead he identified it as "like Vicodin." As it turned out, the pill was neither Vicodin nor any other controlled substance, i.e., it was a non-controlled substance.
 {¶ 38} Thus, my problem with the majority's opinion is that it ignores the non-criminal inference of C.J.'s conduct. That is, one reasonable inference of C.J.'s conduct is that C.J. offered a non-controlled prescription pill to another student.
 {¶ 39} For example, let's take the drug Ultram. It is often described as "narcotic-like." Yet, it is neither a narcotic nor a scheduled drug under the Controlled Substances Act. So, if C.J. had offered an Ultram pill to a student and said that it was "narcotic-like," then his statement would be accurate and his actions would not violate R.C.2925.03. *Page 16 
 {¶ 40} Therefore, a person can distribute a non-narcotic pill and correctly characterize it as "narcotic-like" without a R.C. 2925.03
violation. Yet, a person can distribute a non-narcotic pill and characterize it as "like Vicodin," and under the majority's view, his conduct violates R.C. 2925.03. In my view, it is unfair to criminalize the second category of offenders but not the first.
 {¶ 41} I believe that a reasonable trier of fact would demand that the state demonstrate that a defendant's characterization of the pill reasonably excluded non-controlled substances. The statute requires the offer of a "controlled" substance. In my view, the majority opinion ignores the "controlled" aspect of the definition. It broadens the statute beyond its confines and criminalizes a variety of characterizations that could apply to either controlled or non-controlled substances.
 {¶ 42} Thus, I dissent. *Page 17 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT OF CONVICTION BE AFFIRMED AND THE DISPOSITION BE VACATED AND CAUSE REMANDED to the Highland County, Juvenile Court, for further proceedings consistent with this opinion. Appellee shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
 Kline, J.: Dissents with Dissenting Opinion.
 *Page 1